OPINION
{¶ 1} Defendant-appellant Anil K. Mohabir appeals his February 26, 2004 conviction and sentence on one count of violating a temporary protection order. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On January 20, 2004, appellant was arrested and charged with violating the terms of a temporary protection order, in violation of R.C. 2919.27. The October 14, 2003 temporary protection order originated from a felony domestic violence incident.
 {¶ 3} On February 26, 2004, following a bench trial, the trial court found appellant guilty and sentenced him to 180 days in jail, with 110 days suspended on certain conditions and 70 days to be served in jail, $100 fine, plus costs and five years probation.
 {¶ 4} Appellant now appeals his conviction and sentence, asserting as error:
 {¶ 5} "I. There was insufficient evidence for the trial court to find defendant guilty of violating a temporary protection order and the trial court's finding of guilty was against the manifest weight of the evidence."
 I {¶ 6} Appellant maintains the State did not prove he was served with a copy of the temporary protection order prior to the alleged violation; therefore, the finding of guilt was against the manifest weight of the evidence. We agree.
 {¶ 7} The question to be answered when a manifest weight issue is raised is whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt." (Emphasis sic.) State v.Getsy (1998), 84 Ohio St.3d 180, 193-194, 702 N.E.2d 866, citingState v. Eley (1978), 56 Ohio St.2d 169, 10 O.O.3d 340,383 N.E.2d 132, syllabus.
 {¶ 8} Appellant was charged with violating a temporary protection order in violation of R.C. 2919.27. Section (A) of the statute states:
 {¶ 9} "(A) No person shall recklessly violate the terms of any of the following:
 {¶ 10} "(1) A protection order issued or consent agreement approved pursuant to section 2919.26 or 3113.31 of the Revised Code."
 {¶ 11} The temporary protection order sub judice was issued pursuant to section 2919.26. Section (G) of the statute requires:
 {¶ 12} "(G)(1) A copy of any temporary protection order that is issued under this section shall be issued by the court to the complainant, to the alleged victim, to the person who requested the order, to the defendant, and to all law enforcement agencies that have jurisdiction to enforce the order. The court shall direct that a copy of the order be delivered to the defendant on the same day that the order is entered." (Emphasis added).
 {¶ 13} Appellant asserts the protection order was not issued in compliance with the above due process requirements of R.C.2919.26.
 {¶ 14} At trial, Lieutenant Perry Toppins of the Sugar Grove Police Department testified:
 {¶ 15} "Q. On page three of State's Exhibit 1, uh, do you see where there is a line for the, a person to sign it to acknowledge service of the temporary protection order? Do you see that?
 {¶ 16} "A. Service acknowledgment where it says defendant's signature?
 {¶ 17} "Q. Yes. Do you see that?
 {¶ 18} "A. Yes, sir.
 {¶ 19} "Q. Do you see a signature on that line?
 {¶ 20} "A. Yes, sir.
 {¶ 21} "Q. You do? And, and what does it say?
 {¶ 22} "A. I can't read it.
 {¶ 23} "Q. Doesn't it say `via jail,' isn't that what it says?
 {¶ 24} "A. Yes.
 {¶ 25} "Q. So that doesn't appear to be the signature of Mr. Mohabir, is that correct?
 {¶ 26} "A. That is correct.
 {¶ 27} "Q. State's Exhibit 2, which you identified as the entry of plea, which occurred by the face of the document on December 16th of 2003, do you see that? And, and you actually read off a, a line from the second page, correct?
 {¶ 28} "A. The very first time I did.
 {¶ 29} "Q. Where it says, `Defendant was further advised that the temporary protection order will remain in effect until the sentencing hearing,' do you see that?
 {¶ 30} "A. Yes, sir.
 {¶ 31} "Q. Does it state in this entry the terms of that temporary protection order or whether or not the defendant was advised of the terms of the temporary protection order at the time that he was advised that the temporary protection order would remain in effect?
 {¶ 32} "A. No. It just says, `This matter is scheduled for sentencing hearing on April 5, 2004 at 1:00 p.m."
 {¶ 33} Tr. at 16-17.
 {¶ 34} The protection order statute makes criminal conduct that would otherwise be legal; therefore, the statute's requirements must be strictly construed in favor of the defendant and against the state. Previously, this Court has held the requirements of R.C. 2919.26 are mandatory to the issuance of a valid protection order. State v. Conkle (May 9, 2003), Knox App. No. 03CA8. Therefore, the statute's due process requirements must be complied with prior to a trial court's finding a violation of a temporary protection order pursuant to R.C.2919.27 State v. Franklin (June 22, 2001), Hamilton App. No. C-000544.
 {¶ 35} Upon review, we find the state did not demonstrate the due process requirements of R.C. 2919.26 were complied with in the issuance of the temporary protection order alleged to have been violated. The notation "via jail" is not sufficient to prove service and notice upon the appellant. The state did not introduce evidence explaining the significance of the notation, or extrinsic evidence demonstrating actual service upon appellant at the jail or anywhere else in strict accordance with the statute.
 {¶ 36} Accordingly, appellant's conviction and sentence in the Fairfield County Municipal Court is reversed.
Hoffman, P.J., Farmer, J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Municipal Court is reversed. Costs assessed to appellee.