{¶ 22} I must respectfully dissent from the decision the majority reached in this case. Based on the Fifth District's decision inState v. Mohabir, 5th App. Dist. No. 04CA17, 2005-Ohio-78, and the requirements of R.C. 2919.26, I would find that the State failed to prove beyond a reasonable doubt that the protection order had actually been served on Bombardiere.
 {¶ 23} R.C. 2919.26 makes conduct, which would otherwise be legal, criminal; therefore, the statute's requirements must be strictly construed in favor of the defendant and against the state. R.C.2919.26(G)(1) specifically requires that a protection order be served on a respondent the same day that it is issued. *Page 11 
(Because the respondent is frequently present at the hearing on whether a protection order should be issued, and because protection orders are generally forms that merely require the filling in of blanks, same day service is the norm, not the exception.)
 {¶ 24} Upon my review, I would find that the State did not demonstrate that the due process requirements of R.C. 2919.26 were complied with in the issuance of the protection order alleged to have been violated. While Bombardiere was aware that a protection order may have been issued and had knowledge of an order's usual prohibitions, these alone are not sufficient to prove service and notice upon him, which would give the order any lawful effect.
 {¶ 25} As an analogy, it is well settled that a person may be aware that a subpoena has been issued for his or her appearance at a court proceeding. However, if that subpoena has not in fact been properly served upon the person, there can be no contempt for failure to appear. However, the consequences of conviction for violating the terms of a protection order are even greater. The first offense is a misdemeanor of the first degree, punishable by up to six months in jail and a fine of up to $1,000. Such penalties would seriously impact anyone's life, including his or her ability to remain employed. Furthermore, the second offense becomes a felony. While misdemeanor offenses are sometimes trivialized, because maximum penalties are rarely imposed for first offenses, the potential *Page 12 
long-term impact demands that we require due diligence by the State; first to determine whether the protection order has actually been served on a respondent, such as Bombardiere, and then, to be prepared to prove such service beyond a reasonable doubt.
 {¶ 26} Accordingly, I would sustain Bombardiere's first assignment of error and reverse the decision of the trial court. Additionally, my resolution of Bombardiere's first assignment of error would render his second assignment of error moot, and I would decline to address it. App.R. 12(A)(1)(c).