**The STATE of Ohio, Plaintiff,**

v.

**COOPER, Defendant.**

2010-Ohio-6697.]

Athens County Municipal Court, Ohio.

No. 10CRB01801.

Decided Nov. 23, 2010.

James K. Stanley, Athens City Prosecuting Attorney, for plaintiff.

James A. Wallace, for defendant.

---

GRIM, Judge.

{¶ 1} This matter came on for jury trial this 18th day of November, 2010 on a charge of violating a protection order.

{¶ 2} The state of Ohio presented its evidence, including a certified copy of a civil protection order and a certificate-of-service page to that order. The certificate of service noted that a copy of the order was mailed to defendant in care of the Southeastern Ohio Regional Jail. There was testimony that defendant was incarcerated in that jail then. There was no evidence submitted, other than the proof of mailing, that defendant had actually received a copy of that order. There was no evidence presented that defendant had previously received a copy of any temporary ex parte protection order. The state did present a letter

that defendant had sent to the protected person after the date the civil protection order was issued. That letter was prohibited by the terms of the civil protection order.

{¶ 3} Following the close of the state's case, defendant made a Crim.R. 29 motion for acquittal, arguing that the state could not prove the culpable mental state of recklessness without showing that defendant had been aware of the order. The state responded to that argument by resubmitting its request that the court give the jury an instruction that Civ.R. 5(B) creates a presumption that defendant received notice. Although the court had initially denied this request, it agreed to research and reconsider over the lunch recess. The court had also initially declined to grant defendant's motion to dismiss pending further research. The court encouraged both counsel to do research and submit additional arguments after the recess.

{¶ 4} The court heard further argument from both counsel after the recess. In consideration of the arguments and the court's own research, the court denied the state's request for the instruction and granted defendant's Crim.R. 29 motion for acquittal. The court explained its ruling as set forth below.

{¶ 5} The civil protection order was issued pursuant to R.C. 3113.31. Paragraph (F)(1) of that section mandates that the court shall direct that a copy of an order be delivered to the respondent (defendant herein). Page 4 of this civil protection order directs that the clerk of court shall cause a copy of this order to be delivered to respondent as required by law.

{¶ 6} Civ.R. 65(E), which deals with service of restraining orders, differentiates between orders that are given with notice and those given without notice. Those orders given with notice can be served in accordance with the more relaxed standard of Civ.R. 5 rather than the stricter standards of Crim.R. 4.1 through 4.3. Civ.R. 65(E) also provides that the order may be served in the manner designated by the court. The civil protection order in this case notes that defendant was not present at the hearing although he had been given notice of the hearing. From the testimony at this trial, it appears that defendant was in jail during the hearing.

{¶ 7} This court construed notice to mean notice of the hearing rather than notice of the order, although such may be impractical to an incarcerated respondent. Given that the domestic relations court had found that defendant had notice of the hearing, this court found that Civ.R. 5 requirements did apply.

{¶ 8} Civ.R. 5(B) sets forth three possible methods of service: delivery, facsimile, or mail. "Delivery" is a defined term to mean physical delivery to the person or his residence or office. This paragraph also notes that service by mail or by facsimile is complete when sent.

{¶ 9} The court found that R.C. 3113.31(F)(1) required that the civil protection order be delivered. The order itself directed that it be delivered. Civ.R. 65(E) refers to service in the manner designated by the court which, as noted, was delivery. There was no testimony that the civil protection order was delivered to defendant, only that it was mailed to the jail. If there had been testimony that a jailer or another person had handed a copy to defendant, that action would have constituted delivery. Without such testimony, the civil protection order was not delivered in accordance with the statute and the terms of the order itself.

{¶ 10} The court's research also found the case of *State v. Mohabir*, 5th Dist. No. 04CA17, 2005-Ohio-78, 2005 WL 66484. That case involved a temporary protection order sent to the jail, and there was no evidence offered that the defendant had received a copy. The court of appeals reversed the conviction of violating the protection order, finding that the statutory service requirements reflect minimum due process prior to imposing criminal liability for conduct otherwise legal.

{¶ 11} Given that the service-by-delivery requirement of the statute in *Mohabir* was identical to the service-by-delivery requirement in the statute in the present case, this court finds *Mohabir* persuasive.

{¶ 12} The court therefore enters a judgment of acquittal, discharges the defendant, and excuses the jury.

So ordered.