[Cite as *State v. Hall*, 2013-Ohio-660.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

       Plaintiff-Appellee

-vs-

HARRY PAYNE HALL, JR.

       Defendant-Appellant

JUDGES:
Hon. Patricia A. Delaney, P.J.
Hon. W. Scott Gwin, J.
Hon. William B. Hoffman, J.

Case Nos. 12CAA030017
             12CAA030018
             12CAA030019

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Delaware County Court of Common Pleas, Case Nos. 11CRI080452, 11CRI090470, and 12CRI010031 |
| JUDGMENT: | Affirmed in part; Reversed in part; and Remanded |
| DATE OF JUDGMENT ENTRY: | February 22, 2013 |

APPEARANCES:

For Plaintiff-Appellee

CAROL HAMILTON O'BRIEN
Delaware County Prosecuting Attorney
BRIAN J. WALTER
Assistant Prosecuting Attorney
Delaware County Prosecutor's Office
140 North Sandusky Street,
Delaware, Ohio 43015

For Defendant-Appellant

PETER GALYARDT
Assistant State Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215

*Gwin, J.*

{¶1}    Defendant-appellant Harry Payne Hall, Jr. ["Hall"] appeals his February 23, 2012 convictions entered by the Delaware County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}    Hall and C.B. had a previous relationship, during which they resided together.  On July 26, 2011, C.B. obtained an ex parte civil protection order pursuant to R.C. 2903.214 against Hall due to letters Hall sent her from prison.  Hall was in prison on an unrelated sentence.  The ex parte civil protection order stated it would remain in effect until July 26, 2013.  Hall was personally served with notice of the ex parte civil protection order while in prison.

{¶3}    On August 8, 2011, the trial court conducted a full civil protection order hearing pursuant to R.C. 2903.214.  Hall was incarcerated on that date, and was not transported for the hearing.  A full five year civil protection order was issued at the hearing imposing the same prohibitions as the previous ex parte civil protection order. The Court attempted to serve Hall with the full civil protection order via certified mail, which was not returned.  Hall maintains he was not served with the full civil protection order.  The State concedes certified mail was attempted, and Hall was not personally served with the full civil protection order.

{¶4}    CB continued to receive letters sent from Hall after both the ex parte and full civil protection orders were issued.

{¶5} On August 19, 2011, Hall was indicted in Case Number 11-CR-I-08-0452[1] on three counts of menacing by stalking, felonies of the fourth degree, in violation of R.C. 2903.211(A)(1); two counts of violating a protection order, felonies of the fifth degree, in violation of R.C. 2919.27(A)(2); and one count of aggravated menacing, a misdemeanor of the first degree, in violation of R.C. 2903.21(A).

{¶6} On September 2, 2011, Hall was indicted in Case Number 11-CR-I-09-0470[2] with three counts of violating a protection order, felonies of the fifth degree, in violation of R.C. 2919.27(A)(2); and one count of menacing, a misdemeanor of the fourth degree, in violation of R.C. 2903.22(A).

{¶7} On January 27, 2012, Hall was indicted in Case Number 12-CR-I-01-0031[3], on five counts of violating a protection order, felonies of the fifth degree, in violation of R.C. 2919.27(A)(2).

{¶8} Both parties stipulated Hall had previously been convicted of violating a protection order on two occasions.

{¶9} On February 15, 2012, the State filed a motion to consolidate all three cases for the purposes of trial. Prior to the commencement of trial, the trial court granted the State's motion to dismiss count two of the indictment in Case Number 11-CR-I-08-0452. On February 22, 2012, a jury returned guilty verdicts on all of the charges, except Counts Two and Four of Case Number 12-CR-I-01-0031, both counts for violating a protection order.

---

[1] 5th Dist. Case No. 12 CAA 03 0017
[2] 5th Dist. Case No. 12 CAA 03 0018
[3] 5th Dist. Case No. 12 CAA 03 0019

{¶10} The trial court sentenced Hall to a total of six years and three months in prison. The aggregate term was ordered to run consecutively to the two year prison sentence Hall was serving in Delaware County Case Number 10CRI06 0316.

{¶11} Hall assigns as error:

{¶12} "I. THE TRIAL COURT ERRED AND VIOLATED HARRY PAYNE HALL, JR.'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN, IN THE ABSENCE OF SUFFICIENT EVIDENCE AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, IT CONVICTED HIM UNDER R.C. 2919.27(A)(2) FOR VIOLATIONS OF A PROTECTION ORDER THAT WAS NOT IN EFFECT. FIFTH AND FOURTEENTH AMENDMENTS, UNITED STATES CONSTITUTION; SECTIONS 10 AND 16, ARTICLE I, OHIO CONSTITUTION. R.C. 2903.214.

{¶13} "II. THE TRIAL COURT ERRED BY IMPOSING COURT COSTS WITHOUT NOTIFYING HARRY PAYNE HALL, JR. THAT FAILURE TO PAY THOSE COSTS MAY RESULT IN THE COURT'S ORDERING HIM TO PERFORM COMMUNITY SERVICE. STATE V. SMITH, 131 OHIO ST.3d 297, 2012-OHIO-781, 964 N.E.2d 423, SYLLABUS. R.C. 2947.23(A)(1)."

I.

{¶14} Hall maintains his convictions for violations of a protection order are against the manifest weight and sufficiency of the evidence. Specifically, Hall asserts he was never served with the full civil protection order issued August 8, 2011; therefore, the order was never in effect. Further, Hall maintains the ex parte civil protection order ceased to be in effect at the time the full civil protection order was issued.

{¶15} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins,* 78 Ohio St.3d 380, 1997–Ohio–52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶16} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins,* supra, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶17} Hall was convicted of violating a protection order in violation of R.C. 2919.27(A)(2), which reads,

(A) No person shall recklessly violate the terms of any of the following:

\* \* \*

(2) A protection order issued pursuant to section 2151.34, 2903.213, or 2903.214 of the Revised Code.

{¶18} The ex parte civil protection order and the full civil protection order herein were issued pursuant to R.C. 2903.214, which reads, in pertinent part:

(2)(a) If the court, after an ex parte hearing, issues a protection order described in division (E) of this section, the court shall schedule a full hearing for a date that is within ten court days after the ex parte hearing. The court shall give the respondent notice of, and an opportunity to be heard at, the full hearing. The court shall hold the full hearing on the date scheduled under this division unless the court grants a continuance of the hearing in accordance with this division. Under any of the following circumstances or for any of the following reasons, the court may grant a continuance of the full hearing to a reasonable time determined by the court:

(i) Prior to the date scheduled for the full hearing under this division, the respondent has not been served with the petition filed pursuant to this section and notice of the full hearing.

\* \* \*

(b) An ex parte order issued under this section does not expire because of a failure to serve notice of the full hearing upon the respondent

before the date set for the full hearing under division (D)(2)(a) of this section or because the court grants a continuance under that division.

* * *

(E)(1)(a) After an ex parte or full hearing, the court may issue any protection order, with or without bond, that contains terms designed to ensure the safety and protection of the person to be protected by the protection order, including, but not limited to, a requirement that the respondent refrain from entering the residence, school, business, or place of employment of the petitioner or family or household member. If the court includes a requirement that the respondent refrain from entering the residence, school, business, or place of employment of the petitioner or family or household member in the order, it also shall include in the order provisions of the type described in division (E)(5) of this section.

(b) After a full hearing, if the court considering a petition that includes an allegation of the type described in division (C)(2) of this section, or the court upon its own motion, finds upon clear and convincing evidence that the petitioner reasonably believed that the respondent's conduct at any time preceding the filing of the petition endangered the health, welfare, or safety of the person to be protected and that the respondent presents a continuing danger to the person to be protected, the court may order that the respondent be electronically monitored for a period of time and under the terms and conditions that the court

determines are appropriate. Electronic monitoring shall be in addition to any other relief granted to the petitioner.

(2)(a) Any protection order issued pursuant to this section shall be valid until a date certain but not later than five years from the date of its issuance.

* * *

(F)(1) The court shall cause the delivery of a copy of any protection order that is issued under this section to the petitioner, to the respondent, and to all law enforcement agencies that have jurisdiction to enforce the order. The court shall direct that a copy of the order be delivered to the respondent on the same day that the order is entered.

* * *

**{¶19}** Hall cites this Court's prior opinion in *State v. Mohabir,* 5th Dist. 04CA17, 2005-Ohio-78, which held:

The protection order statute makes criminal conduct that would otherwise be legal; therefore, the statute's requirements must be strictly construed in favor of the defendant and against the state. Previously, this Court has held the requirements of R.C. 2919.26 are mandatory to the issuance of a valid protection order. *State v. Conkle* (May 9, 2003), Knox App. No. 03CA8. Therefore, the statute's due process requirements must be complied with prior to a trial court's finding a violation of a temporary protection order pursuant to R.C. 2919.27. *State v. Franklin* (June 22, 2001), Hamilton App. No. C-000544.

Upon review, we find the state did not demonstrate the due process requirements of R.C. 2919.26 were complied with in the issuance of the temporary protection order alleged to have been violated. The notation 'via jail' is not sufficient to prove *service and notice* upon the appellant. The state did not introduce evidence explaining the significance of the notation, or extrinsic evidence demonstrating actual service upon appellant at the jail or anywhere else in strict accordance with the statute. (Emphasis added.)

**{¶20}** In response, the State cites the Ninth District's holding in *State v. Bunch*, 9th Dist. No. 20059, 2001 WL 39599(January 17, 2001) which held:

However, the Revised Code does not require that service of a CPO be accomplished upon the person against whom a CPO is issued before the person can be found to have violated the order. Rather, R.C. 2919.27 requires that the prosecution prove beyond a reasonable doubt that defendant acted in disregard of a known risk that a CPO was likely to have existed against him. The prosecution proffered sufficient evidence of this culpable mental state via Deborah's testimony that she had previously advised Bunch that a CPO had been issued and Bunch responded, "I know."

Bunch testified that he was not served with the CPO. He did not testify that he did not know that a CPO likely existed. Bunch testified that he did not even know what a CPO was, but upon cross-examination he admitted that a temporary protection order had previously been issued

against him and that he had visited Nicholas in violation of that TPO. Viewing the evidence in the light most favorable to the prosecution, Bunch had been advised by Deborah that a CPO had been issued to prevent Bunch from having contact with Deborah and Nicholas. Bunch knew that a CPO had been issued. Despite a known risk that it was likely that the CPO was still in effect, Bunch went to Deborah's house. This is sufficient to establish all the elements of R.C. 2919.27(A)(1).

**{¶21}** The State also cites the Tenth District Court of Appeals decision in *State v. Smith*, 10th Dist.No. 11AP-512, 2011-Ohio-6730, holding:

We do note, however, that the Fifth District Court of Appeals has held that the due process requirements of R.C. 2919.26 require a defendant be served with a temporary protection order before he can be found to have violated that order. *State v. Mohabir,* 5th Dist. No. 04CA17, 2005–Ohio–78, ¶ 34–35. See also *Bombardiere* at ¶ 22–26 (Rogers, P.J., dissenting) (arguing that conviction for violating a protection order should be reversed based on *Mohabir* because state failed to prove that order had been served on the defendant). R.C. 2919.26(G)(1) requires that a copy of an ex parte protection order 'be issued by the court to * * * defendant * * * [and][t]he court shall direct that a copy of the order be delivered to defendant on the same day that the order is entered.' Nevertheless, after reviewing the statute, we reach a different conclusion. Service of the protection order on the defendant is not an element of the crime of violating a protection order, as defined in R.C. 2919.27(A). The

General Assembly could have required the prosecution to establish service of the order as an element of proving a violation of a protective order, or could have mirrored the language in R.C. 2919.26(G), but it did not. Therefore, we decline to expand the statute to require prior service of the order on a defendant before a violation can be established.

*State v. Smith*, ¶17.

{¶22} The Second District followed the Ninth and Tenth Districts holdings in finding service is not an element of R.C. 2919.27(A) in *State v. Rutherford*, the Second District held:

This evidence, if believed, clearly establishes that Defendant encouraged Scroggs to contact Cantrell and deliver his message to her, and that Scroggs then did that through Jones. Defendant's reference in his message to the protection order establishes that he recklessly disregarded its terms that prohibited him from contacting Cantrell. The credibility of the witnesses and the weight to be given to their testimony were matters for the trier of facts, the jury, to determine. *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212. The jury did not lose its way simply because it chose to believe the State's witnesses, which it had a right to do.

The State was not required to show that Defendant intended that Scroggs would deliver the message through Jones. It was only necessary to show that Defendant encouraged Scroggs to engage in conduct prohibited by the protection order, which she did in passing Defendant's message to Cantrell through Jones. That Defendant intended that the

message would go to Cantrell may be inferred from the offer the message involved.

Viewing the totality of the evidence in a light most favorable to the State, as we must, we conclude that a rational trier of facts could find all of the essential elements of violation of a protection order proven beyond a reasonable doubt. Defendant's conviction is supported by legally sufficient evidence.

2nd Dist. No. 08CA11, 2009-Ohio-2071, ¶¶23-24.

**{¶23}** We agree with the Tenth District's conclusion in *Smith*, supra, service of the temporary protection order is not an element of the offense pursuant to R.C. 2919.27(A).   To the extent our decision in *Mohabir*, supra, may be interpreted otherwise, we overrule our prior opinion.

**{¶24}** Hall's convictions in Case Number 11-CR-I-08-452, Counts four and five, for violations of R.C. 2919.27(A)(2), were for conduct occurring on July 29, 2011 and August 2, 2011, successively.  Accordingly, the counts pertained to violations of the ex parte civil protection order prior to the scheduled full civil protection order hearing on August 8, 2011.  These violations occurred while the ex parte civil protection order was clearly in effect with Hall's knowledge.  Therefore, Hall's convictions on those counts are not against the manifest weight nor based on insufficient evidence.

**{¶25}** Counts one, two, three and four of Case Number 11-CR-I-09-0470 and counts one, three and five of Case Number 12-CR-I-01-0031 charge violations of a civil protection order pursuant to R.C. 2919.27(A)(2), but do not indicate whether the conduct relates to a violation of the ex parte civil protection order or the full civil

protection order. The dates indicated in the charges relate to conduct occurring after the scheduled hearing on the full civil protection order hearing, which occurred on August 8, 2011.

**{¶26}** Hall was indicted in Case Number 11-CR-I-08-0452 on August 19, 2011. He was served with the indictment on September 1, 2011, and was arraigned on September 2, 2011. Hall was served with the indictment in Case Number 11-CR-I-09-0470 on September 2, 2011, and was arraigned on September 2, 2011. During this time Hall continued to contact the victim in spite of the notice contained in the indictment his conduct was in violation of a civil protection order.

**{¶27}** Hall's continued contact subsequent to his indictments resulted in his indictment on January 27, 2012 in Case Number 12-CR-I-01-0031. The contact in this case was alleged to have occurred between September 14, 2011 and November 24, 2011. These dates are subsequent to his indictments and arraignments in the previous two cases.

**{¶28}** At the time of his indictments in Case Number 11-CR-I-08-0452 and Case Number 11-CR-I-09-0470, Hall was put on notice a civil protection order existed prohibiting contact with the victim. Hall was represented by counsel, engaged in pretrial discovery and pretrial conferences, yet continued to contact the victim.

**{¶29}** As Hall had counsel and two previous indictments for the same behavior, his continued contact with the victim was reckless as to violating a civil protection order. Accordingly, Hall's convictions for counts one, three and five in Case Number 12-CR-I-01-0031 are affirmed.

**{¶30}** The parties agree that Hall was served and did personally receive a copy of the ex parte civil protection order. The parties further agree that the ex parte order stated that it was in effect until July 26, 2013. At that time, Hall was or should have been aware that his conduct was prohibited by a civil protection order. Whether that order was for the ex parte order or the subsequent order issued after full hearing is not germane to the issue in this case. He chose to disregard the obvious facts and continued to contact the victim.

**{¶31}** The Ohio Supreme Court has recognized that domestic violence laws are special. *State v. Williams*, 79 Ohio St.3d 459, 683 N.E.2d 1126(1997). In *Reynoldsburg v. Eichenberger,* 5th Dist. No. CA-3492, 1990 WL 52467(Apr. 18, 1990), this Court held,

Finally, appellant cannot prevail after he deliberately disobeyed this [temporary protective] order, even if we subsequently find it to be invalid. An order of the court must be obeyed unless and until a court finds it is invalid or rescinds it. *In re White* (1978), 60 Ohio App. 2d 62, *citing U.S. v. United Mine Workers of America* (1947), 330 U.S. 258.

*See, also GTE Sylvania, Inc. v. Consumers Union of the United States, Inc.,* 445 U.S. 375, 386, 100 S.Ct. 1194, 63 L.Ed.2d 467 (1980)[ "persons subject to an injunctive order ... are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to the order."].

In *United Mine Workers,* the United States Supreme Court found,

If a party can make himself a judge of the validity of orders which have been issued, and by his own disobedience set them aside, then are

the courts impotent, and what the Constitution now fittingly calls the "judicial power of the United States" would be a mere mockery.

330 U.S. at 290, 91, 67 S.Ct. 7677, 91 L.Ed.2d 884(1947), quoting *Gompers v. Bucks Stove & Range Co.* (1911), 221 U.S. 418, 450, 31 S.Ct. 492, 55 L.Ed. 797.

**{¶32}** In this case, Hall had no right to disregard the ex parte order unless and until the court that issued the order canceled or rescinded it. The trial court did neither; rather the court issued a final civil protection order. Hall argues he did not receive notice that a final civil protection order had been issued; however, this does not relieve him of his responsibility to abide by the terms of the ex parte order which he acknowledges stated that it was in effect until July 26, 2013.

**{¶33}** Hall was never aware that the ex parte order ceased. Further, at all times set forth in each indictment Hall was prohibited from contacting the victim by court order. When Hall contacted the victim, he had knowledge that the ex parte order was effective until July 26, 2013 and no notice that that order had been modified by the trial court. Hall's continued contact with the victim was reckless.

**{¶34}** The first assignment of error is overruled in its entirety.

II.

**{¶35}** In the second assignment of error, Hall argues the trial court erred in imposing court costs without notifying Hall the failure to pay those costs may result in the trial court's requiring him to perform community service.

**{¶36}** The State concedes this assignment. Pursuant to R.C. 2947.23(A)(1), the trial court erred in imposing court costs at the time of sentencing without notifying Hall

failure to pay those costs may result in the order to perform community service in lieu of payment.

**{¶37}** The second assignment of error is sustained.

**{¶38}** The judgment of the Delaware County Court of Common Pleas is affirmed in part, reversed in part, and the matter remanded for further proceedings in accordance with the law and this opinion.


By: Gwin, J., and

Delaney, P.J. concurs.

Hoffman, J. concurs in part,

Dissents in part


_____
HON. W. SCOTT GWIN


_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


WSG:clw 0124

*Hoffman, J., concurring in part and dissenting in part*

{¶39} I respectfully concur in part and dissent in part from the Majority opinion. Specifically, I dissent from the Majority's analysis and disposition relative to Case No. 12 CAA030018, the appeal from Appellant's convictions in the Delaware County Court of Common Pleas Case No. 11CRI090470.

{¶40} The Majority concludes regardless of whether Appellant was served with or had knowledge of the full CPO, the ex parte civil protection order remained in effect and Appellant's actions were in violation thereof; sufficient to sustain the convictions. I find the language of R.C. 2903.214 contemplates the ex parte order shall remain in effect until a hearing on the full order is conducted within 10 days. The statute provides the ex parte order does not expire because of failure to serve notice of the full hearing on the respondent before the date set for the hearing. However, in this case, Appellant was personally served with the ex parte order and notice of the full hearing. Therefore, I would find the ex parte order expired at the time the full order was issued on August 8, 2011. The statute does not provide for a continuance of the ex parte order pending service of the full order. Appellant's conduct after August 8, 2011, was not in violation of the ex parte civil protection which was no longer in effect.

{¶41} I would reverse Appellant's conviction on counts one, two, three and four in Case Number 11CRI090470 based upon insufficient evidence.

_____
HON. WILLIAM B. HOFFMAN

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| HARRY PAYNE HALL, JR. | : | |
| | : | |
| Defendant-Appellant | : | Case No. 12CAA030017 |

For the reason stated in our accompanying Opinion, Appellant's convictions in the Delaware County Court of Common Pleas are affirmed.  Costs to Appellant.

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

_____
HON. WILLIAM B. HOFFMAN

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee             :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
HARRY PAYNE HALL, JR.                  :
                                       :
    Defendant-Appellant            :          Case No. 12CAA030018


For the reasons stated in our accompanying Opinion, Appellant's convictions in the Delaware County Court of Common Pleas are affirmed in part, reversed in part, and the matter remanded for further proceedings in accordance with the law and our Opinion. Costs to Appellee.


_____
HON. W. SCOTT GWIN


_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| HARRY PAYNE HALL, JR. | : | |
| | : | |
| Defendant-Appellant | : | Case No. 12CAA030019 |

For the reasons stated in our accompanying Opinion, Appellant's convictions in the Delaware County Court of Common Pleas are affirmed. Costs to Appellant.

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

_____
HON. WILLIAM B. HOFFMAN