[Cite as *State v. Hall*, **2013-Ohio-5856.**]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                      |   | JUDGES:                        |
|----------------------|---|--------------------------------|
| STATE OF OHIO        | : | Hon. W. Scott Gwin, P.J.       |
|                      | : | Hon. William B. Hoffman, J.    |
| Plaintiff-Appellee   | : | Hon. Patricia A. Delaney, J.   |
|                      | : |                                |
| -vs-                 | : |                                |
|                      | : | Case No.     13 CAA 03 0043    |
| HARRY P. HALL JR.    | : |              13 CAA 03 0044    |
|                      | : |              13 CAA 03 0045    |
| Defendant-Appellant  | : |                                |
|                      | : | O P I N I O N                  |

CHARACTER OF PROCEEDING:    Criminal appeal from the Delaware County Court of Common Pleas, Case Nos.11CRI080452,11CRI090470, & 11CRI010031

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    December 30, 2013

APPEARANCES:

For Plaintiff-Appellee

CAROL HAMILTON O'BRIEN
BRIAN WALTER
Delaware County Prosecutor's Office
140 North Sandusky Street
Delaware, OH 43015

For Defendant-Appellant

TODD WORKMAN
Box 687
Delaware, OH 43015

*Gwin, P.J.*

{¶1} Defendant-appellant Harry P. Hall, Jr. appeals from the April 25, 2013 Judgment Entry of the Delaware County Court of Common Pleas overruling his Amended Motion to Vacate Conviction under R.C. 2953.21. Plaintiff-appellee is the State of Ohio.

*Facts and Procedural History*

{¶2} In February of 2012, a jury convicted Hall of one count of Aggravated Menacing, four counts of Menacing, and eight counts of Violating a Protection Order pursuant to three separate indictments.

{¶3} On February 22, 2013, this Court upheld Hall's convictions and sentences. *State v. Hall*, 5th Dist. Delaware Nos. 12CAA030017, 12CAA030018, 12CAA030019, 2013-Ohio-660 ["*Hall I*"].

{¶4} On November 7, 2012, Hall pro se filed his post-conviction petition pursuant to R.C. 2953.21. By Judgment Entry filed March 5, 2013, counsel was appointed to represent Hall on his post conviction relief petition. Counsel filed an amended petition for post conviction relief on March 11, 2013.

{¶5} On April 16, 2013, the trial court held an oral hearing on Hall's petition for post conviction relief.

{¶6} At the hearing, Hall maintained that he was denied effective assistance of trial counsel because 1). His trial attorney met with him only two days before the jury trial; 2). Trial counsel failed to subpoena witnesses; 3). Trial counsel did not discuss the case with Hall nor obtained physical evidence necessary for his defense; 4). Trial counsel did not provide Hall a copy of the discovery filed in Hall's cases until two days

before trial; and 5). Hall claims he was under the influence of medications at the time he met with trial counsel and during the jury trial and was unable to participate fully and understand the proceedings.[1] Hall further offered evidence of an alleged plea negotiation that he contends was not relayed to him by trial counsel.[2] By Judgment Entry filed April 25, 2013, the trial court denied the petition.

*Assignments of Error*

**{¶7}** Hall raises the following assignment of error,

**{¶8}** "I. THE DEFENDANT'S RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED UNDER SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION, AND SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WAS VIOLATED BY TRIAL COUNSEL'S FAILURE TO DISCLOSE A PROFFERED PLEA AGREEMENT, FAILURE TO ADEQUATELY KEEP DEFENDANT APPRISED OF HIS CASE, AND FAILURE TO ADEQUATELY PREPARE FOR TRIAL."

I.

**{¶9}** In his sole assignment of error, Hall argues that the trial court erred in dismissing his petition based on ineffective assistance of counsel. Specifically, Hall argues that trial counsel was ineffective for failing to inform Hall of a plea offer, failed to keep Hall adequately informed about his case, and failed to provide Hall with copies of discovery until two days before trial.

---

[1] Hall has neither briefed nor argued this ground in the present appeal. See, App.R. 12(A)(2); App.R.16 (A)(7); *State v. Norman*, 5th Dist. Guernsey No. 2010-CA-22, 2011-Ohio-596, ¶29; *State v. Untied*, 5th Dist. Muskingum  No. CT20060005, 2007 WL 1122731, ¶141.

[2] This ground was not raised in his petition for post conviction relief or amend petition for post conviction relief. Rather, this contention was raised in Hall's "Motion for Modification of Sentence and Reduction" filed March 13, 2013. The trial court denied this motion by Judgment Entry filed March 18, 2013.

**{¶10}** A post conviction petition is a special statutory proceeding governed by R.C. 2953.21. This statute provides in section (A)(1) that "[a]ny person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition * * *." *See, also, State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph four of the syllabus.

**{¶11}** When the trial court has conducted an evidentiary hearing relative to an appellant's post conviction petition, a reviewing court should not overrule its findings if they are supported by competent and credible evidence. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58, *accord State v. White,* 118 Ohio St.3d 12, 2008–Ohio–1623, 885 N.E.2d 905, ¶ 45; *State v. Mitchell,* 53 Ohio App.3d 117, 119, 559 N.E.2d 1370 (8th Dist.1988). The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. As the court in *Gondor* held, the judge presiding "at a post conviction hearing is in a totally different position from the appellate judges. The post conviction judge sees and hears the live post conviction witnesses, and he or she is therefore in a much better position to weigh their credibility than are the appellate judges." *Gondor,* at ¶ 55.

### 1. Plea offer.

**{¶12}** In the case at bar, Hall first argues that trial counsel was ineffective because counsel failed to convey a plea offer made by the state.

{¶13} During the hearing, Hall submitted a document marked Defendant's Exhibit A, which he contended, was an offer on behalf of the state. In reviewing this contention the trial court found,

> Exhibit A purports to be an offer on the case 12 CR I-01-0031, the most recent case which was consolidated with the other two. No signatures appear on the document and the testimony did not support that it was a plea offer.

{¶14} Our review of Defendant's Exhibit A leads us to conclude that the trial court did not abuse its discretion. The document has signature lines for the assistant prosecutor, defense counsel and the defendant. None is signed. No date appears anywhere on the document. No recommendations or agreements are detailed by any party within the document.

{¶15} A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, Hall must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). In other words, Hall must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. Id.

{¶16} *Missouri v. Frye*, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), concerned the right to effective assistance of counsel with respect to communicating formal plea offers

to a criminal defendant. Id. at 1408. The court in *Frye* held that "defense counsel has the duty to communicate *formal* offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Id. (Emphasis added). The Court's decision was based on "[t]he reality * * * that plea bargains have become so central to the administration of the criminal justice system that defense counsel have responsibilities in the plea bargain process, responsibilities that must be met to render the adequate assistance of counsel that the Sixth Amendment requires in the criminal process at critical stages." Id., —— U.S. ——, 132 S.Ct. at 1407, 182 L.Ed.2d 379.

{¶17} In *Frye*, defense counsel had received a letter from the prosecutor offering a choice of two plea bargains. The offers were for a sentence substantially less than what the defendant otherwise faced; both of the offers had an expiration date. Id., —— U.S. ——, 132 S.Ct. at 1404, 182 L.Ed.2d 379. Defense counsel never advised his client of the offers, and they expired. Id. The defendant eventually pled guilty and was sentenced to the lengthier sentence.

{¶18} The Supreme Court concluded that, "[w]hen defense counsel allowed the offer to expire without advising the defendant or allowing him to consider it, defense counsel did not render the effective assistance the Constitution requires." Id., —— U.S. ———, 132 S.Ct. at 1408, 182 L.Ed.2d 379. The Supreme Court declined, however, "to try to elaborate or define detailed standards for the proper discharge of defense counsel's participation in the process." Id. In this regard, the Court reasoned that elaboration would be neither "prudent nor practicable" because "[t]he alternative courses and tactics in negotiation are so individual." Id.

**{¶19}** The Supreme Court made it clear it was only deciding about ineffective assistance of trial counsel claims where the prosecutor makes an offer which is rejected,

The prosecution and the trial courts may adopt some measures to help ensure against late, frivolous, or fabricated claims after a later, less advantageous plea offer has been accepted or after a trial leading to conviction with resulting harsh consequences. First, the fact of a formal offer means that its terms and its processing can be documented so that what took place in the negotiation process becomes more clear if some later inquiry turns on the conduct of earlier pretrial negotiations. Second, States may elect to follow rules that all offers must be in writing, again to ensure against later misunderstandings or fabricated charges. See N .J. Ct. Rule 3:9–1(b) (2012) ("Any plea offer to be made by the prosecutor shall be in writing and forwarded to the defendant's attorney"). Third, formal offers can be made part of the record at any subsequent plea proceeding or before a trial on the merits, all to ensure that a defendant has been fully advised before those further proceedings commence. At least one State often follows a similar procedure before trial.

*Frye*, 132 S.Ct. at 1408–1409.

**{¶20}** In the case at bar, Defendant's Exhibit A does not support Hall's contention that a formal plea offer was made by the state and communicated to his trial counsel. No evidence was submitted to prove Hall's trial counsel was aware of the existence of Defendant's Exhibit A or its contents. We also conclude the trial court did

not err by finding Hall's testimony to be vague, contradictory and to lack specificity. Hall presented no other witness or evidence to support his testimony. There was no testimony or affidavit from Hall's trial attorney or the assistant prosecutor concerning the plea negotiations. The record does not include an affidavit or testimony from any other non-interested party with personal knowledge of the plea negations.

{¶21} As self-serving testimony, the trial court could give it little or no weight. See, *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999); *State v. Kapper*, 5 Ohio St.3d 36, 38, 448 N.E.2d 823 (1983) (letter or affidavit from the court, prosecutors, or defense counsel alleging a defect in the plea process might be sufficient to warrant a hearing, although defendant's own affidavit alleging same defect would not, because the former are not self-serving declarations);*State v. Elmore,* 5th Dist. No. 2005-CA-32, 2005-Ohio-5740, ¶109. The judge who reviewed defendant's post conviction relief petition and conducted the hearing was the same judge who presided at the jury trial and the sentencing hearing. Thus, the trial judge was familiar with the underlying proceedings and was in the best position to observe Hall and therefore assess the credibility of his testimony during the hearing on his petition for post conviction relief. *Calhoun*, supra, 86 Ohio St.3d 279, 286.

{¶22} The petition, the documentary evidence, the files, the transcript and the records do not demonstrate that Hall set forth sufficient operative facts to establish substantive grounds for relief concerning counsel's effectiveness during plea negotiations. *Calhoun,* 86 Ohio St.3d at paragraph two of the syllabus; see R.C. 2953.21(C). The trial court's findings are supported by competent and credible evidence.

### 2. Failure to meet with Hall and prepare for trial.

**{¶23}** Hall next argues that his trial counsel was ineffective because counsel had insufficient contact with Hall before his jury trial and failed to review discovery with him.

**{¶24}** "Not every restriction on counsel's time or opportunity * * * to consult with his client or otherwise to prepare for trial violates a defendant's Sixth Amendment right to counsel." *Morris v. Slappy*, 461 U.S. 1, 11, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983). "[T]here is generally no basis for finding a Sixth Amendment violation unless the accused can show how specific errors of counsel undermined the reliability of the finding of guilt." *United States v. Cronic*, 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984)*United States v. Cronic*, 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984) fn. 26; *Accord, State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, 840 N.E.2d 1032.

**{¶25}** In the case at bar, Hall points to no specific attorney errors that resulted from the denial, and he makes no showing of prejudice. We cannot presume that the defendant has suffered prejudice. *Hancock*, 108 Ohio St.3d 57, ¶112, citing, *State v. Coleman*, 85 Ohio St.3d 129 at 144, 707 N.E.2d 476 (1999); *State v. Sanders*, 92 Ohio St.3d 245 at 277, 750 N.E.2d 90 (2001).

**{¶26}** The petition, the documentary evidence, the files, the transcript and the records do not demonstrate that Hall set forth sufficient operative facts to establish substantive grounds for relief concerning counsel's effectiveness concerning counsel's preparation and representation during Hall's jury trial. *Calhoun,* 86 Ohio St.3d at paragraph two of the syllabus; see R.C. 2953.21(C). The trial court's findings are supported by competent and credible evidence.

### 3. Failure to subpoena witnesses.

**{¶27}** Hall's final contention is that trial counsel failed to subpoena witnesses on his behalf during trial.

**{¶28}** "In order to obtain a reversal on ineffective assistance of counsel based on a failure to subpoena a witness, a defendant must demonstrate that the testimony of the witness would be of significant assistance to the defense." *State v. Reese*, 8 Ohio App.3d 202, 203, 456 N.E.2d 1253 (1st Dist.1982). *Accord*, *State v. Varner*, 5th Dist. No. 98CA00016, 1998 WL 667620 (Sept. 14, 1998). We note the record is devoid of a proffer of the testimony the purported witnesses. Based upon the status of the record presently before this Court, we find Hall is unable to demonstrate the testimony would have been of significant assistance to his defense. Further, he has not established that there is a reasonable probability that the outcome of the trial would have been different if counsel would have subpoenaed and called the witnesses on his behalf.

**{¶29}** The petition, the documentary evidence, the files, the transcript and the records do not demonstrate that Hall set forth sufficient operative facts to establish substantive grounds for relief concerning counsel's failure to subpoena witnesses. *Calhoun,* 86 Ohio St.3d at paragraph two of the syllabus; see R.C. 2953.21(C). The trial court's findings are supported by competent and credible evidence.

**{¶30}** Hall's sole assignment of error is overruled.

{¶31} For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed.

By Gwin, P.J., and

Hoffman, J., and

Delaney, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. PATRICIA A. DELANEY


WSG:clw 1203

[Cite as *State v. Hall*, 2013-Ohio-5856.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| HARRY P. HALL JR. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO.    13 CAA 03 0043 |
| | | 13 CAA 03 0044 |
| | | 13 CAA 03 0045 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed.  Costs to appellant.

_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. PATRICIA A. DELANEY