[Cite as *State v. Hall*, 2013-Ohio-5855.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | | JUDGES: |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney |
| | : | |
| -vs- | : | |
| | : | Case No.    12 CAA 03 0017 |
| HARRY P. HALL JR. | : | 12 CAA 03 0018 |
| | : | 12 CAA 03 0019 |
| Defendant-Appellant | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Criminal appeal from the Delaware County
                                                         Court of Common Pleas, Case
                                                         Nos.11CRI080452,11CRI090470, &
                                                         11CRI010031

JUDGMENT:                                    Affirmed

DATE OF JUDGMENT ENTRY:       December 30, 2013

APPEARANCES:

For Plaintiff-Appellee                        For Defendant-Appellant

CAROL HAMILTON O'BRIEN               PETER GALYARDT
BRIAN WALTER                                 250 East Broad Street, Suite 1400
Delaware County Prosecutor's Office    Columbus, OH  43215
140 North Sandusky Street
Delaware, OH 43015

*Gwin, P.J.*

**{¶1}** Upon remand from the Supreme Court of Ohio, this court is asked to consider whether this Court's ruling in *State v. Hall,* 5th Dist. Delaware No*s.* 12CAA030017, 12CAA030018, 12CAA030019, 2013-Ohio-660 ["*Hall I"],* should be modified in light of *State v. Smith*, 136 Ohio St.3d 1, 2013-Ohio-1698, 989 N.E.2d 972.

**{¶2}** We have permitted the parties to brief and to orally argue this issue.

*Assignments of Error*

**{¶3}** Hall raises two assignments of error,

**{¶4}** "I. THE TRIAL COURT ERRED AND VIOLATED HARRY PAYNE HALL, JR.'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN, IN THE ABSENCE OF SUFFICIENT EVIDENCE AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, IT CONVICTED HIM UNDER R.C. 2919.27(A)(2) FOR VIOLATIONS OF A PROTECTION ORDER THAT WAS NOT IN EFFECT. FIFTH AND FOURTEENTH AMENDMENTS, UNITED STATES CONSTITUTION; SECTIONS 10 AND 16, ARTICLE I, OHIO CONSTITUTION. R.C. 2903.214.

**{¶5}** "II. THE TRIAL COURT ERRED BY IMPOSING COURT COSTS WITHOUT NOTIFYING HARRY PAYNE HALL, JR. THAT FAILURE TO PAY THOSE COSTS MAY RESULT IN THE COURT'S ORDERING HIM TO PERFORM COMMUNITY SERVICE. STATE V. SMITH, 131 OHIO ST.3D 297, 2012-OHIO-781, 964 N.E.2D 423, SYLLABUS. R.C. 2947.23(A)(1)."

I.

**{¶6}** In *Hall I,* we held that the evidence was sufficient to support the verdict that defendant's continued contact with victim was reckless as to violating a civil protection order[1]. R.C.2919.27(A)(2).

**{¶7}** In *Smith*, the Supreme Court of Ohio determined that in order to sustain a conviction for the crime of violating a civil stalking or sexually-oriented-offense protection order under R.C. 2919.27(A)(2), the state must prove beyond a reasonable doubt *all requirements* of R.C. 2903.214(F)(1). *See State v. Smith,* 136 Ohio St.3d 1, 2013-Ohio-1698, 989 N.E.2d 972, ¶16.

**{¶8}** In *Smith,* the petitioner obtained an ex parte civil stalking protection order against Robert L. Smith, Jr. *Id.* at ¶4. On the day the order was issued, the clerk of courts ordered the sheriff serve a copy of the order upon Smith. *Id.* Before Smith was served, the petitioner "showed Smith a copy and told him he was not allowed to be around her." *Id.* at ¶5. The next morning, Smith broke into petitioner's home. *Id.* at ¶6. An altercation ensued. *Id.* Petitioner called 9–1–1. *Id.* at ¶7. Smith attempted to flee but was apprehended and arrested. *Id.* Shortly thereafter, a deputy sheriff served Smith with a copy of the protection order. *Id.* at ¶8. Smith was charged with and convicted of violating the protection order in violation of R.C. 2919.27(A)(2). *Id.* at ¶ 9. Smith appealed, arguing there was no evidence that the order was served before the alleged offense. *Id.* at ¶ 14. Reversing the judgment of conviction, the Ohio Supreme Court emphasized,

---

[1] For the underlying facts and procedural history of this case, see *Hall I.*

> Therefore, to prove a violation of R.C. 2919.27(A)(2), the state must prove, beyond a reasonable doubt, all requirements of R.C. 2903.214, including the requirement that the order be delivered to the defendant.

*Smith* at ¶16. The Court further found "delivery" to be synonymous with "service." In *Smith,* the defendant was not served with the ex parte protection order before the altercation that led to the charges. Thus, Hall's case is distinguishable from *Smith.* In the case at bar, Hall was served with the ex parte order before the conduct that gave rise to the charges set forth in the Indictment had occurred.

{¶9}   Hall's convictions in Case Number 11–CR–I–08–452, Counts four and five, for violations of R.C. 2919.27(A)(2), were for conduct occurring on July 29, 2011 and August 2, 2011, successively. Accordingly, the counts pertained to violations of the ex parte civil protection order prior to the scheduled full civil protection order hearing on August 8, 2011. These violations occurred while the ex parte civil protection order was clearly in effect with Hall's knowledge. Therefore, Hall's convictions on those counts are not against the manifest weight nor based on insufficient evidence. *Hall, I,* ¶24.

{¶10}   Counts one, two, three and four of Case Number 11–CR–I–09–0470 and counts one, three and five of Case Number 12–CR–I–01–0031 charge violations of a civil protection order pursuant to R.C. 2919.27(A)(2), but do not indicate whether the conduct relates to a violation of the ex parte civil protection order or the full civil protection order. The dates indicated in the charges relate to conduct occurring after the scheduled hearing on the full civil protection order hearing, which occurred on August 8, 2011. *Hall, I,* ¶25.

{¶11}  Hall was indicted in Case Number 11–CR–I–08–0452 on August 19, 2011. He was served with the indictment on September 1, 2011, and was arraigned on September 2, 2011. Hall was served with the indictment in Case Number 11–CR–I–09–0470 on September 2, 2011, and was arraigned on September 2, 2011. During this time Hall continued to contact the victim in spite of the notice contained in the indictment his conduct was in violation of a civil protection order. *Hall, I,* ¶26.

{¶12}  Hall's continued contact with the victim subsequent to his indictments in the previously mentioned cases resulted in his indictment on January 27, 2012 in Case Number 12–CR–I–01–0031. The contact in this case was alleged to have occurred between September 14, 2011 and November 24, 2011. These dates are subsequent to his indictments and arraignments in the previous two cases. *Hall, I,* ¶27.

{¶13}  At the time of his indictments in Case Number 11–CR–I–08–0452 and Case Number 11–CR–I–09–0470, Hall was put on notice a civil protection order existed prohibiting contact with the victim. Hall was represented by counsel, engaged in pretrial discovery and pretrial conferences, yet continued to contact the victim. *Hall, I,* ¶28.

{¶14}  As Hall had counsel and two previous indictments for the same behavior, his continued contact with the victim was reckless as to violating a civil protection order. Accordingly, Hall's convictions for counts one, three and five in Case Number 12–CR–I–01–0031 are affirmed. *Hall, I,* ¶29.

{¶15}  Upon review of *Smith*, we find as we did in *Hall I,*

> The parties agree that Hall was served and did personally receive a copy of the ex parte civil protection order. The parties further agree that the ex parte order stated that it was in effect until July 26, 2013. At that

time, Hall was or should have been aware that his conduct was prohibited by a civil protection order. Whether that order was for the ex parte order or the subsequent order issued after full hearing is not germane to the issue in this case. He chose to disregard the obvious facts and continued to contact the victim.

* * *

In this case, Hall had no right to disregard the ex parte order unless and until the court that issued the order canceled or rescinded it. The trial court did neither; rather the court issued a final civil protection order. Hall argues he did not receive notice that a final civil protection order had been issued; however, this does not relieve him of his responsibility to abide by the terms of the ex parte order which he acknowledges stated that it was in effect until July 26, 2013.

Hall was never aware that the ex parte order ceased. Further, at all times set forth in each indictment Hall was prohibited from contacting the victim by court order. When Hall contacted the victim, he had knowledge that the ex parte order was effective until July 26, 2013 and no notice that that order had been modified by the trial court. Hall's continued contact with the victim was reckless.

*Hall I*, ¶ 30; 32-33. Accordingly, Hall was properly convicted on all eight (8) counts of Violation of a Protection order under R.C. 2919.27(A)(2). The Ohio Supreme Court's decision in *Smith* does not alter this result. The Court in *Smith* reached different results based upon facts not present in Hall's case.

{¶16}  Hall's first assignment of error is overruled in its entirety.

II.

{¶17}  In the second assignment of error, Hall argues the trial court erred in imposing court costs without notifying Hall the failure to pay those costs may result in the trial court's requiring him to perform community service.

{¶18}  The trial court held a hearing on this issue on April 16, 2013. By Judgment Entry filed April 19, 2013, the trial court noted that Hall appeared before the court with his attorney and was advised, "he could perform up to 40 hours per month community service toward court costs until the judgment was paid or he was able to make monthly payments."

{¶19}  The second assignment of error is moot.

{¶20}  In compliance with the remand from the Ohio Supreme Court, this Court reaffirms the decision in *Hall, I* in its entirety.

**{¶21}** The judgment of the Delaware County Court of Common Pleas is affirmed.

By Gwin, P.J., and

Delaney, J., concur;

Hoffman, J., dissents

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. PATRICIA A. DELANEY

WSG:clw 1202

*Hoffman, J., concurring in part and dissenting in part*

{¶22} I concur in the majority's conclusion *State v. Smith*, 136 Ohio St.3d 1, 2013-Ohio1698, does not alter [impact] the decision previously reached by this court because "…*Smith* reached different results based upon facts not present in Hall's case." (Majority Opinion at ¶15)

{¶23} While I continue to concur with the majority Appellant's two convictions relating to conduct prior to the final hearing on August 8, 2011, should be affirmed, I respectfully disagree as to the validity of Appellant's convictions for conduct after that date for the reasons set forth in my partial dissent in this Court's prior opinion.  See, *State v. Hall*, 5th Dist. Nos. 12 CAA 03 0017, 12 CAA 03 0018, and 12 CAA 03 0019, 2013-OHIO-660.

_____

HON. WILLIAM B. HOFFMAN

[Cite as *State v. Hall*, 2013-Ohio-5855.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| HARRY P. HALL JR. | : | |
| Defendant-Appellant | : | CASE NO.      12 CAA 03 0017 |
| | | 12 CAA 03 0018 |
| | | 12 CAA 03 0019 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. PATRICIA A. DELANEY